IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP -7 PM 4: 48

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| JAMES C. BARBER, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. <u>05-02041 MP</u> |
| ) | |
| RADIANS, INC. and ) | |
| MIKE TUTOR, ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

Before the court is Defendant Radians's Motion to Compel Plaintiff to Fully Respond to Defendant's First Request for Production, filed June 20, 2005 (dkt #57). Plaintiff James C. Barber, Sr. filed his response in opposition on July 13, 2005. Radians filed a reply on July 28, 2005. For the following reasons, the motion is GRANTED.

### I. BACKGROUND

Barber was employed by Radians as a salesperson from 2001 to 2004. Radians's business involves the designing, assembling, marketing and selling of personal protection items, such as safety glasses, hard-hats, and gloves. Pertinent to this case, Radians also has a branding and licensing component, whereby Radians develops a product with a customer's name on it and the product is

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on __9-12-05__

89

either sold directly to the customer or to third parties. In December 2003, Radians entered into such a licensing agreement with DeWalt, a nationwide manufacturer of carpentry tools and accessories.

In August 2003, Radians and Barber agreed on a new compensation arrangement for Barber, which Barber alleges included a 3 1/2% commission from all sales of DeWalt licensed products for the life of the forthcoming Radians-DeWalt licensing agreement. In June, 2004, Radians terminated Barber's employment with Radians. On September 14, 2004, Barber filed a complaint against Radians and its president, Mike Tutor, alleging breach of contract, promissory estoppel, quantum meruit, unjust enrichment, and promissory fraud.

In the motion, Radians seeks access to the two hard drives on Barber's computer.[1] Radians argues that this is necessary, and information stored on the hard drives is relevant, because the primary basis for Barber's claims of a 3 1/2% commission is a series of alleged e-mail communications between Barber and Radians. Radians questions the authenticity of these e-mails, and seeks access to Barber's hard drives to perform a complete forensic analysis in order to recover additional files not yet produced to

---

[1] In its motion, Radians also sought electronic data related to documents and tangible evidence that Barber was previously requested to produce. In its reply, however, Radians acknowledged that Barber has since complied with this request. The court, therefore, considers Radians's Motion to Compel moot with this particular request.

Radians and to decipher dates on which the e-mail files were created, deleted, modified, or sent by Barber.

Barber contends that Radians's request is overbroad and unduly burdensome and will result in the discovery of files irrelevant to the present case. In response to Radians's request, Barber offered to retain a forensic computer expert at his own expense to conduct a search of Barber's computer to locate any additional relevant data or files. Despite Radians's objection to this proposal, Barber hired a forensic expert who made perfect images of Barber's hard drives, then conducted his search on the imaged copies.[2] On July 7, 2005, Barber served Radians with an expert report describing his search and all of the materials recovered from the search of Barber's computer.

Radians contends that, despite the search performed by Barber's expert, it is still necessary for Radians to perform a search of the imaged copies of Barber's hard drives with its own expert. Radians points to several irregularities revealed in the expert report that have raised Radians's concerns, thus demonstrating a further need to perform a search by its own forensic expert.[3] Radians further argues that a second search is

---

[2] In its reply, Radians states that the plaintiff's expert's image is a perfect image, and for purposes of this motion, Radians agrees that an analysis of the hard drive image is sufficient.

[3] Specifically, Radians points to several files with anachronistic "creation dates" that are several months after the

warranted because the initial search was inadequate and too restrictive, neglecting to determine whether files have been deleted or altered and failing to search for any specific documents.

## II. ANALYSIS

### A. Relevancy of Barber's Hard Drive

Information is discoverable if it is "relevant to the claim or defense of any party" or if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery of documents "applies to electronic data compilations from which information can be obtained only with the use of detection devices. . . ." Fed. R. Civ. P. 34 Advisory Committee's Note (1970); see also Antioch Co. v. Scrapbook Borders, Inc., 210 F.R.D. 645, 652 (D. Minn. 2002). Furthermore, it is well-settled that "deleted computer files, whether they be e-mails or otherwise, are discoverable." Antioch, 210 F.R.D. at 652; see also Medtronic Sofamor Danek, Inc. v. Michelson, no. 01-2373-MLV, 2003 WL 21468573, at *7-8 (W.D. Tenn. 2003) (Vescovo, J.) (unpublished); Rowe Entertainment, Inc. v. The William Morris Agency, Inc., 205 F.R.D. 421, 427 (S.D.N.Y. 2002); Simon Property Group L.P. v. mySimon, Inc., 194 F.R.D. 639, 640 (N.D. Ill. 2000). Nevertheless, although the deleted files on Barber's computer may

---

date the file was last modified. The expert report also reveals that Barber's hard drives show a log on date of February 7, 2006.

be discoverable, the court need not compel discovery if it concludes that the request is "unreasonably cumulative or duplicative . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit. . . ." Fed. R. Civ. P. 26(b)(2)(i), (iii).

The court finds that the information sought by Radians is relevant and discoverable. The authenticity of the documents that form the basis of Barber's claim are directly at issue in this case. Whether those documents were created, modified, sent, or deleted in a manner consistent with Barber's complaint is therefore highly relevant. Moreover, the irregularities detailed in the expert report suggest that there may be some basis to Radians's concern that the e-mails were modified in a manner inconsistent with Barber's claim. Finally, the court concludes that limiting the materials discovered from Barber's hard drives to the materials produced by Barber's own expert in a search directed by Barber's own counsel unduly restricts Radians from performing an inspection of Barber's requested files that is otherwise permitted under the Federal Rules.

Furthermore, a search of the imaged hard drives by an expert of Radians's choosing would not be overbroad nor unduly burdensome, as a proper and effective protocol used in performing the review of Barber's hard drive can limit the breadth of the search and lessen the burden on Barber. Providing Barber with the initial

opportunity to review the files produced by Radians's expert will limit the likelihood of irrelevant material being produced to Radians. To the extent that Barber claims this step is unduly burdensome, the court notes that this review is for Barber's own protection and benefits Barber most directly. The court further observes that such a procedure has been used in other cases involving a more substantial amount of electronic discovery. See, e.g., Rowe Entertainment, 205 F.R.D. at 427-28 (permitting review of hard drives of approximately 60 employees of one of the four named defendants). Finally, as Radians's expert will be performing his or her analysis from the imaged copies of Barber's hard drives, there will be no disruption of Barber's use of his computer.

**B.   Protocol**

Radians has proposed a protocol that it will follow in performing its search of Barber's hard drives that will reduce the risk of discovering irrelevant and privileged material and is consistent with protocols ordered in other cases in which the discovery of a party's hard drive was permitted. The court has incorporated much of Radians's proposal in establishing the protocol that follows.

Radians, at its own expense, shall select an expert of its choice in the field of computer forensics to perform a complete forensic analysis of Barber's hard drives. To reduce the inconvenience on Barber, and with no opposition by Radians,

Radians's expert will perform his or her search from the imaged copies of Barber's hard drives produced by Barber's expert. Radians's expert will run keyword searches on the imaged copies of the hard drives to recover all files that meet the parameters of the search. Radians's expert is not required to disclose in advance the search terms that he or she will use in performing the analysis, but those terms must be included in the expert report presented to both parties. Radians is cautioned that its expert's search must be narrowly fashioned to obtain data and information relating only to Barber's employment with Radians.

Barber shall provide Radians's expert with the imaged copies of Barbers hard drives within twenty days from the date of this order. Within ten days of the completion of the analysis, Radians's expert must provide Barber with a report detailing the search he or she performed. Radians's expert shall also produce two copies of the resulting data – one copy to be provided to Barber, and one copy that will remain in the sole custody of Radians's expert. Barber and his counsel are to review the files produced by the expert and specify in a privilege log which files Barber contends are not discoverable, either as nonresponsive to Radians's discovery requests or responsive but privileged. The privilege log shall describe the nature of any privileged documents or communications in a manner that, without revealing privileged or protected information, will enable Radians to assess the

-7-

applicability of the claimed privilege or protection. Barber shall provide Radians with the privilege log within twenty days of receiving the data from Radians's expert. At that time, Barber shall produce to Radians a copy of all responsive documents that are properly discoverable and not privileged. If Radians raises a dispute as to the applicability of any claim of privilege or irrelevance made by Barber, either party may bring the disagreement to the court for resolution.

### III. CONCLUSION

For the reasons above, the Defendant's motion is GRANTED. Barber shall provide Radians's expert with the imaged copies of Barber's hard drives that were produced by Barber's expert within twenty (20) days from the date of this order.

Radians's request for costs, fees and expenses it has incurred as a result of filing this motion is DENIED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

September 7, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 89 in case 2:05-CV-02041 was distributed by fax, mail, or direct printing on September 12, 2005 to the parties listed.

---

James V. Bellanca
BELLANCA BEATTIE AND DE LISLE, P.C.
20480 Vernier Road
Haoer Woods, MI 48225--141

Brad A. Lampley
ADAMS AND RESSE/STOKES BARTHOLOMEW
424 Church St
Ste 2800
Nashville, TN 37219

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Paul B. Billings
LAW OFFICE OF PAUL B. BILLINGS, JR.
6555 Quince Rd.
Ste. 109
Memphis, TN 38119

James C. Zeman
BELLANCA BEATTIE AND DE LISLE, P.C.
20480 Vernie Road
Harper Woods, MI 48225--141

Steven Hymowitz
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Joel T. Galanter
ADAMS AND REESE/STOKES BARTHOLOMEW
424 Church St.
Ste. 2800
Nashville, TN 37219--232

Frank D. Eaman
BELLANCA BEATTIE AND DE LISLE, P.C.
20480 Vernier Road
Harper Woods, MI 48225--141

Honorable Samuel Mays
US DISTRICT COURT